# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: September 25, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| RUTH GEAR, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 18-1684V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Ruling on Entitlement; Uncontested; |
| AND HUMAN SERVICES, | * | Tetanus-Diphtheria-Acellular |
| | * | Pertussis (Tdap); Shoulder Injury |
| Respondent. | * | Related to Vaccine Administration |
| * * * * * * * * * * * * * | | (SIRVA). |

*Jeffrey S. Pop & Kristina Grigorian*, Jeffrey S. Pop & Associates, Beverly Hills, CA, for petitioner.
*Camille C. Collett*, United States Department of Justice, Washington, DC, for respondent.

## RULING ON ENTITLEMENT[1]

On October 31, 2018, Ruth Gear ("petitioner"), filed a petitioner for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that as a result of receiving an tetanus-diptheria-acellular pertussis (Tdap) vaccination on November 13, 2015, she suffered a right shoulder injury related to vaccine administration ("SIRVA") with onset of pain within forty-eight (48) hours, constituting an injury listed on the Vaccine Injury Table. Petition (ECF No. 1).

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this decision contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the decision will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On September 24, 2020, respondent filed his amended Rule 4(c) report in which he states that he does not contest that petitioner is entitled to compensation in this case.  Resp. Report (ECF No. 39) at 1.  Specifically, respondent states that in light of my Findings of Fact issued on August 20, 2020 (ECF No. 36), respondent "will not defend the case on other grounds during further proceedings before the Office of Special Masters." *Id.* at 2.  Respondent further agrees that "[w]hile preserving his right to appeal the special master's August 20, 2020 Findings of Fact, respondent submits that petitioner has otherwise satisfied the criteria set forth in the Vaccine Injury Table and the Qualifications and Aids to Interpretation (QAI) for SIRVA." *Id.* at 2-3 (citing 42 C.F.R. §§ 100.3(a)(XIV) and (c)(10)).

**In view of respondent's position and the evidence of record, I find that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/ Thomas L. Gowen</u>
Thomas L. Gowen
Special Master