# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: December 23, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| RUTH GEAR, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 18-1684V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Decision Awarding Damages; |
| AND HUMAN SERVICES, | * | Tetanus-Diphtheria-Acellular |
| | * | Pertussis (Tdap); Shoulder Injury |
| Respondent. | * | Related to Vaccine Administration |
| * * * * * * * * * * * * | | (SIRVA). |

*Jeffrey S. Pop & Kristina Grigorian*, Jeffrey S. Pop & Associates, Beverly Hills, CA, for petitioner.
*Camille C. Collett*, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON DAMAGES[1]

On October 31, 2018, Ruth Gear ("petitioner"), filed a petitioner for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of receiving an tetanus-diptheria-acellular pertussis (Tdap) vaccination on November 13, 2015, she suffered a right shoulder injury related to vaccine administration ("SIRVA") with onset of pain within forty-eight (48) hours, constituting an injury listed on the Vaccine Injury Table. Petition (ECF No. 1).

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this decision contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the decision will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On November 5, 2019, respondent filed his Rule 4(c) report, which provides that the claim was not appropriate for compensation under the terms of the Act for a Table SIRVA Injury.  ECF No. 21.  Subsequently, on August 20, 2020, I issued factual findings regarding the onset of petitioner's shoulder pain.  Findings of Fact (ECF No. 36).  On September 24, 2020, respondent filed an amended Rule 4(c) report, which provides that respondent would not dispute that petitioner had satisfied the legal prerequisites for compensation under the terms of the Act for a SIRVA Table injury.  Resp. Report (ECF No. 39).  On November 25, 2020, I issued a Ruling on Entitlement which finds petitioner entitled to compensation.  Ruling on Entitlement (ECF No. 40).

On December 23, 2020, respondent filed a proffer on an award of compensation, which indicates petitioner's agreement to compensation on the terms set forth therein.  Proffer (ECF No. 44).  The proffer is attached hereto as Appendix A.

**Consistent with the terms of the proffer, petitioner is hereby awarded a lump sum payment of $90,468.39, in the form of a check payable to petitioner.**  The award is comprised of $87,500.00 for past and future pain and suffering, and $2,968.39 in lost wages.  This amount represents compensation for all elements of compensation that would be available under 42 U.S.C. § 300aa-15(a).

The Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the proffer and this decision.[3]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review.  Vaccine Rule 11(a).

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| RUTH GEAR, | ) | |
| | ) | |
| Petitioner, | ) | No. 18-1684V |
| | ) | Special Master |
| v. | ) | Thomas L. Gowen |
| | ) | ECF |
| | ) | |
| SECRETARY OF HEALTH | ) | |
| AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent | ) | |
| | ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On October 31, 2018, Ruth Gear ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of a tetanus-diphtheria-pertussis vaccine she received on November 13, 2015.  ECF No. 1.  On November 5, 2019, respondent filed his Rule 4(c) Report, indicating that this case was not appropriate for compensation under the terms of the Act for a SIRVA Table injury.  ECF No. 21.  Subsequently, on August 20, 2020, the Special Master issued factual findings regarding the onset of petitioner's shoulder pain.  ECF No. 36.  On September 24, 2020, respondent filed an amended Rule 4(c) Report, indicating that respondent would not dispute that petitioner had satisfied the legal prerequisites for compensation under the terms of the Act for a SIRVA Table injury.  ECF No. 39.  On September 25, 2020, the Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.  ECF No. 40.  Respondent now proffers that petitioner receive an award of a lump sum of $90,468.39, in the form of a check payable to petitioner.  The

award is comprised of $87,500.00 for past and future pain and suffering, and $2,968.39 in lost wages. This amount represents compensation for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner is entitled.[1]  Petitioner agrees.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

 *s/ Camille M. Collett*
CAMILLE M. COLLETT
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146 Benjamin Franklin Station
Washington D.C. 20044-0146
Tel: (202) 616-4098
E-mail:  Camille.m.collett@usdoj.gov

Dated:  December 23, 2020

---

[1] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.